SQUIRE PATTON BOGGS (US) LLP
Eric J. Troutman (State Bar # 229263)
eric.troutman@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Amy Brown Doolittle (*Pro Hac Vice motion forthcoming*)
amy.doolittle@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone:  +1 202 457 6000
Facsimile:  +1 202 457 6315

Attorneys for Defendant
HOMES.COM, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMES.COM, INC.,<br><br>Defendant. | Case No. 3:20-cv-01086-JM-DEB<br><br>**CLASS ACTION**<br><br>**DEFENDANT HOMES.COM, INC.'S MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION IN *FACEBOOK INC. V. DUGUID*, CASE NO. 19-511, AND MEMORANDUM IN SUPPORT OF MOTION**<br><br>Date: August 17, 2020<br>Time:<br>Honorable Jeffrey T. Miller<br>Courtroom: 5D<br>Action filed: June 15, 2020<br>No Oral Argument Unless Ordered by the Court |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 17, 2020, in Courtroom 5D, of the United States District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101, before the Honorable Judge Jeffrey T. Miller, Defendant Homes.com, Inc. ("Defendant" or "Homes.com") will and hereby does move to stay the instant proceedings pending the Supreme Court's decision in *Facebook Inc. v. Duguid*, Case No. 19-511.

This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and the records on file herein, and on any oral argument or evidence that may be presented at the hearing on this Motion.

Dated: July 15, 2020

SQUIRE PATTON BOGGS (US) LLP

By: */s/Eric J. Troutman*
Eric J. Troutman

Attorneys for Defendant
HOMES.COM, INC.

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. INTRODUCTION ................................................................................... 1

II. ARGUMENT ........................................................................................... 2

    A. Staying This Action Will Promote Judicial Efficiency Because *Duguid* Bears Directly Upon the Issues in This Case ............................ 2

    B. Plaintiff Would Not Suffer Damage if a Stay Were Granted, Because a Stay is in the Best Interest of Both Parties ........................ 7

III. CONCLUSION ....................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.M. v. Bridgecrest Acceptance Corp.*,
  No. 4:20-cv-00553-SEP, 2020 U.S. Dist. LEXIS 112936 (E.D. Mo.
  June 26, 2020) ............................................................................................................. 6

*Bacon v. Artificial Grass Liquidators Location 1, Inc.*,
  No. 8:18-cv-01220-JLS-ADS, 2019 U.S. Dist. LEXIS 231120
  (C.D. Cal. May 1, 2019) ............................................................................................. 4

*Calhoun v. FLRish, Inc.*,
  No. 19-cv-08212-JCS, 2020 U.S. Dist. LEXIS 84485 (N.D. Cal.
  May 13, 2020) ............................................................................................................. 6

*Castrellon v. Fitness Club Mgmt., LLC*,
  No. CV 17-08825 SJO (E), 2018 U.S. Dist. LEXIS 226199 (C.D.
  Cal. June 6, 2018) .................................................................................................. 4, 7

*Centeno v. Inslee*,
  310 F.R.D. 483 (W.D. Wash. 2015) ...................................................................... 3, 5

*CMAX, Inc. v. Hall*,
  300 F.2d 265 (9th Cir. 1962) ...................................................................................... 9

*Dominguez v. Yahoo, Inc.*,
  894 F.3d 116 (3d Cir. 2018) ....................................................................................... 3

*Duguid v. Facebook Inc.*,
  923 F.3d 1146 (9th Cir. 2019) ............................................................................... 1, 4

*Facebook Inc. v. Duguid*,
  Case No. 19-511 ................................................................................................*passim*

*Gadelhak v. AT&T Servs.*,
  950 F.3d 458 (7th Cir. 2020) ...................................................................................... 3

*Glasser v. Hilton Grand Vacations Co.*,
  LLC, 948 F.3d 1301 (11th Cir. 2020) ........................................................................ 3

*Henderson v. United Student Aid Funds, Inc.*,
  No. 13-CV-1845, 2016 U.S. Dist. LEXIS 154940 (S.D. Cal. May 3,
  2016) ............................................................................................................................ 2

*Hoffman v. Jelly Belly Candy Co.*,
  No. 2:19-cv-01935-JAM-DB, 2020 U.S. Dist. LEXIS 112663 (E.D.
  Cal. June 26, 2020) .................................................................................................. 5, 7

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ................................................................................................. 1, 2

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979) .................................................................................... 2, 8

*Lockyer v. Mirant Corp.*,
  398 F.3d 1098 (9th Cir. 2005) ....................................................................................... 2

*Marks v. Crunch San Diego, LLC*,
  904 F.3d 1041 (9th Cir. 2018) .................................................................................. 3, 4

*Moskowitz v. Am. Sav. Bank*,
  No. 17-00299 HG-KSC, 2018 U.S. Dist. LEXIS 224640 (D. Haw.
  Sept. 4, 2018) ................................................................................................................ 4

*Neal v. Wal-Mart Stores, Inc.*,
  No. 3:17-CV-022-KDB-DCK, 2020 U.S. Dist. LEXIS 88203
  (W.D.N.C. May 18, 2020) ............................................................................................. 6

*Nguyen v. MarketSource, Inc.*,
  No. 17-cv-02063-AJB-JLB, 2018 U.S. Dist. LEXIS 80226 (S.D.
  Cal. May 11, 2018) ............................................................................................. 5, 7, 8

*Ralph v. HAJ, Inc.*,
  No. 17cv1332 JM(JMA), 2017 U.S. Dist. LEXIS 187335 (S.D. Cal.
  Nov. 13, 2017) ............................................................................................................. 3

*In re Sequenom, Inc. Stockholder Litig.*,
  No. 16-cv-02054-JAH-BLM, 2019 U.S. Dist. LEXIS 41875 (S.D.
  Cal. March 12, 2017) ................................................................................................... 3

*Soukhaphonh v. Hot Topic, Inc.*,
  No. CV 16-5124-DMG, 2018 U.S. Dist. LEXIS 127156 (C.D. Cal.
  May 31, 2018) ............................................................................................................... 4

*St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*,
   No. 4:15-CV-01215-AGF, 2015 U.S. Dist. LEXIS 150776 (E.D.
   Mo. Nov. 4, 2015) ........................................................................................ 6, 8

*Stanley v. Capital One Fin. Corp.*,
   No. 7:19-CV-00337, 2020 U.S. Dist. LEXIS 2407 (W.D. Va. Jan.
   8, 2020) ............................................................................................................ 6

**Statutes**

47 U.S.C. § 227(a)(1) ........................................................................................... 3

**SQUIRE PATTON BOGGS (US) LLP**
555 South Flower Street, 31st Floor
Los Angeles, California 90071

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Defendant Homes.com, Inc. ("Homes.com") respectfully moves this Court for an order staying further proceedings in this action pending the United States Supreme Court's decision in *Facebook Inc. v. Duguid*, Case No. 19-511 ("*Duguid*").[1] On July 9, 2020, the Supreme Court granted the petition for a writ of certiorari in *Duguid* to consider the following question:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

*Duguid v. Facebook Inc.*, 923 F.3d 1146 (9th Cir. 2019), *pet. for cert. granted*, No. 19-511.

The Supreme Court's decision will provide substantial guidance to this Court and the parties in resolving this case. *See Landis v. N. Am. Co.*, 299 U.S. 248, 253 (1936) (holding that a stay may be warranted where the resolution of other litigation would likely "narrow the issues in the pending cases and assist in the determination of the questions of law involved"). Its decision will directly impact a material dispute between the parties—that is, what equipment falls within the Telephone Consumer Protection Act's ("TCPA") definition of Automatic Telephone Dialing System ("ATDS"). Indeed, to succeed on his TCPA claim, Plaintiff must prove that

---

[1] In an effort to preserve judicial resources and because the forthcoming *Duguid* Supreme Court decision directly impacts a material issue in dispute in this case—the definition of an automatic telephone dialing system—Homes.com files this Motion to Stay Proceedings ahead of the Court-ordered August 6, 2020 deadline for Homes.com to respond to the Complaint. *See* [ECF No. 10]. In seeking a stay, Homes.com does not waive and expressly preserves all arguments and defenses it intends to make in response to the Complaint on or before August 6, 2020, including but not limited to its position that this case is improperly venued and that this Court lacks personal jurisdiction over it for claims being asserted by non-California putative class members.

Defendant used an ATDS to send the challenged text. *See, e.g.*, Compl. [ECF No. 1] ¶¶ 24, 25, 28. The Supreme Court's decision in *Duguid* will inform the answer to this question. Granting a stay of this action will therefore serve the orderly administration of justice by conserving this Court's resources pending further guidance by the Supreme Court and avoiding a ruling based on a definition of ATDS that conflicts with the Supreme Court's ultimate interpretation of the TCPA in *Duguid*.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55 (citation omitted). District courts within the Ninth Circuit have discretionary power to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "This power to stay proceedings includes the discretion to grant stays 'pending resolution of independent proceedings which bear upon the case.'" *Henderson v. United Student Aid Funds, Inc.*, No. 13-CV-1845, 2016 U.S. Dist. LEXIS 154940, at *4 (S.D. Cal. May 3, 2016) (quoting *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)).

In determining whether to stay proceedings, courts within the Ninth Circuit will balance the interests impacted by granting or refusing a stay by considering the following factors: "(1) the hardship or inequity upon the non-moving party that would result from granting the stay, (2) the hardship or inequity upon the moving party in being required to go forward after denial of the stay, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law that could be expected to result from a stay." *Henderson*, 2016 U.S. Dist. LEXIS 154940, at *4 (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). A stay may be granted if "it appears likely the other proceedings will be

concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

In this case, each of the factors listed above favors granting a stay in this action.

## II. ARGUMENT

### A. Staying This Action Will Promote Judicial Efficiency Because *Duguid* Bears Directly Upon the Issues in This Case.

Staying these proceedings pursuant to the Supreme Court's decision in *Duguid* will promote judicial efficiency because *Duguid* will clarify the definition of ATDS, and Plaintiff's TCPA claim is dependent on whether Defendant used an ATDS to send the challenged text. *See, e.g.*, Compl. [ECF No. 1] ¶¶ 24, 25, 28. Thus, the Supreme Court's resolution of *Duguid* unquestionably bears upon the issues in this action.

Courts within the Ninth Circuit, including this Court, have previously stayed proceedings pending the resolution of a case by the Supreme Court where the resolution of the issues on appeal "directly impact the course of [the] litigation." *Ralph v. HAJ, Inc.*, No. 17cv1332 JM(JMA), 2017 U.S. Dist. LEXIS 187335, at *8 (S.D. Cal. Nov. 13, 2017); *see also In re Sequenom, Inc. Stockholder Litig.*, No. 16-cv-02054-JAH-BLM, 2019 U.S. Dist. LEXIS 41875, at *6-7 (S.D. Cal. March 12, 2017) (staying proceedings where decision by the Supreme Court would determine standard for plaintiff's claim, further finding that it would be "inconsistent with judicial principles of efficacy if litigation continued in this action, requiring additional briefing on, and adjudication of, issues using a standard of law currently in flux."); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (staying proceedings where Supreme Court had granted certiorari because a stay would "assist this Court in resolving the central open legal question in the case").

The TCPA defines an ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). However,

courts across the country are currently divided as to whether random or sequential number generation is required for equipment to qualify as an ATDS, or whether equipment qualifies as an ATDS if it has the capacity to store numbers to be called and to dial those numbers automatically. While the Ninth Circuit has found that the definition of an ATDS includes any system that stores numbers and calls them "automatically," *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018), the Third, Seventh and Eleventh Circuits have found that an ATDS requires random or sequential number generation. *Dominguez v. Yahoo, Inc.*, 894 F.3d 116, 121 (3d Cir. 2018); *Gadelhak v. AT&T Servs.*, 950 F.3d 458, 469 (7th Cir. 2020); *Glasser v. Hilton Grand Vacations Co., LLC*, 948 F.3d 1301, 1309-10 (11th Cir. 2020). In granting a writ of certiorari in *Duguid*, the Supreme Court will consider the following question:

> Whether the definition of ATDS in the TCPA encompasses any device that can "store" and "automatically dial" telephone numbers, even if the device does not "us[e] a random or sequential number generator."

*Duguid v. Facebook Inc.*, 923 F.3d 1146 (9th Cir. 2019), *pet. for cert. granted*, No. 19-511. Courts within the Ninth Circuit have previously recognized the importance of staying actions arising under the TCPA pending further clarity of the definition of an ATDS. *See, e.g.*, *Castrellon v. Fitness Club Mgmt., LLC*, No. CV 17-08825 SJO (E), 2018 U.S. Dist. LEXIS 226199, at *20 (C.D. Cal. June 6, 2018) (granting stay pending resolution of *Marks* by the Ninth Circuit where the decision was "likely to provide controlling precedent informing this TCPA action" and a stay was "likely to simplify or be dispositive of the ATDS issues in this action"); *Moskowitz v. Am. Sav. Bank*, No. 17-00299 HG-KSC, 2018 U.S. Dist. LEXIS 224640, at *5-6 (D. Haw. Sept. 4, 2018) (staying proceedings pending *Marks* "for the purpose of awaiting resolution of legal issues that bear upon this action," further finding that "any potential harm is counterbalanced by the guidance that the *Marks* decision will

provide"); *Soukhaphonh v. Hot Topic, Inc.*, No. CV 16-5124-DMG (AGRx), 2018 U.S. Dist. LEXIS 127156, at *7 (C.D. Cal. May 31, 2018) (staying proceedings pending *Marks*, finding that the decision "may provide further clarity on the statutory definition of ATDS").[2] The Supreme Court's decision will unquestionably provide material guidance to the parties in this dispute by clarifying the applicable definition of ATDS. As in *Castrellon*, *Moskowitz*, and *Soukhaphonh*, staying the current proceedings will simplify the issues in this action pending controlling precedent by the Supreme Court on the definition of ATDS.

At least one federal court within the Ninth Circuit has considered staying proceedings pending the Supreme Court's decision in *Duguid*. In *Hoffman v. Jelly Belly Candy Co.*, No. 2:19-cv-01935-JAM-DB, 2020 U.S. Dist. LEXIS 112663 (E.D. Cal. June 26, 2020), the Eastern District of California found that waiting for the Supreme Court's decision in *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544 (July 6, 2020) and "possibly also *Duguid*[] will allow this Court to adjudicate the issues before it with far greater certainty. To do otherwise would be a waste of judicial resources and a waste of the parties' time and energy." *Id.* at *6. Finding that the definition of an ATDS was relevant to the dispute, the *Hoffman* court granted the defendant's motion to stay proceedings pending *Barr* while "awaiting clarity on the validity of the TCPA in general, **and the definition of an ATDS more specifically**" to "allow for a more orderly disposition of this motion." *Id.* (emphasis added).

As in *Hoffman*, granting a stay in this action would conserve resources that might be unnecessarily expended, because *Duguid* will provide clarity on the definition of ATDS, which will directly impact the course of this litigation. *See* 2020

---

[2] Courts within the Ninth Circuit have previously stayed cases pending the resolution of *Duguid* at the Ninth Circuit Court of Appeals, recognizing that a stay "will simplify the issues" in those cases. *Bacon v. Artificial Grass Liquidators Location 1, Inc.*, No. 8:18-cv-01220-JLS-ADS, 2019 U.S. Dist. LEXIS 231120, at *10-11 (C.D. Cal. May 1, 2019).

U.S. Dist. LEXIS 112663, at *6. Timeliness is also unlikely to be a concern in this case because, as in *Centeno*, the stay will likely last "no longer than the year or so it will take the Supreme Court to decide" *Duguid*. *See* 310 F.R.D. at 491. This Court is faced with a relatively brief timeframe within which *Duguid* will be resolved: the Supreme Court granted certiorari in *Duguid* on July 9, 2020, and is likely to set a date for oral argument in the fall of 2020. *See Nguyen v. MarketSource, Inc.*, No. 17-cv-02063-AJB-JLB, 2018 U.S. Dist. LEXIS 80226, at *17 (S.D. Cal. May 11, 2018) (staying proceedings pending resolution of a Supreme Court case where a decision was anticipated "sometime [that] year," finding that "a stay to accommodate that decision would not be open-ended and will likely be relatively short") (quotation and citation omitted). A short stay of limited duration would best serve the interest of judicial efficiency by preventing an action from proceeding that will certainly be impacted by the Supreme Court's decision in *Duguid*. *See St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.*, No. 4:15-CV-01215-AGF, 2015 U.S. Dist. LEXIS 150776, at *13-14 (E.D. Mo. Nov. 4, 2015) (granting stay for TCPA claims pending resolution of a Supreme Court case interpreting the TCPA, explaining that the "finite and moderate" stay "will conserve significant resources without unfair prejudice or burden on the Plaintiff.").

Several other courts have also considered staying proceedings pending the resolution of *Duguid*, and each court based its decision to deny the stay, entirely or partially, on the fact that the Supreme Court had not yet granted certiorari in *Duguid*, which is no longer a concern. *See, e.g.*, *Calhoun v. FLRish, Inc.*, No. 19-cv-08212-JCS, 2020 U.S. Dist. LEXIS 84485, at *6-7 (N.D. Cal. May 13, 2020) (declining to stay proceedings "based on the mere possibility of certiorari in *Duguid*"); *A.M. v. Bridgecrest Acceptance Corp.*, No. 4:20-cv-00553-SEP, 2020 U.S. Dist. LEXIS 112936, at *8 (E.D. Mo. June 26, 2020) (noting that "*were* the Supreme Court to grant certiorari in [*Duguid*], there might be good reason to stay this case pending

resolution of that one."); *Neal v. Wal-Mart Stores, Inc.*, No. 3:17-CV-022-KDB-DCK, 2020 U.S. Dist. LEXIS 88203, at *5 (W.D.N.C. May 18, 2020) (declining to "stay this matter indefinitely" because the Supreme Court had not yet granted certiorari in *Duguid*); *Stanley v. Capital One Fin. Corp.*, No. 7:19-CV-00337, 2020 U.S. Dist. LEXIS 2407, at *10 (W.D. Va. Jan. 8, 2020) (declining to stay proceedings pending *Duguid* because "the Supreme Court has not yet scheduled the case for oral argument **or even agreed to grant certiorari**") (emphasis added). The question of certiorari in *Duguid* is no longer a "mere possibility," *see Calhoun*, 2020 U.S. Dist. LEXIS 84485, at *6-7, and accordingly, a stay is warranted. While the court in *Stanley* declined to stay proceedings pending *Duguid* because it sought to "prevent[] an indefinite stay," 2020 U.S. Dist. LEXIS 2407, at *11, this Court would not be granting an indefinite stay because the Supreme Court has already granted certiorari in *Duguid*. As in *Nguyen*, where this Court stayed proceedings pending the resolution of a separate case before the Supreme Court, "judicial economy clearly warrants a stay" because *Duguid* "will have an imperative impact on this case and will also simplify the issues before the Court." 2018 U.S. Dist. LEXIS 80226, at *18-19.

**B. Plaintiff Would Not Suffer Damage if a Stay Were Granted, Because a Stay is in the Best Interest of Both Parties.**

As in *Hoffman*, where the court granted a stay pending the resolution of *Barr* and "possibly" *Duguid* because "[t]o do otherwise would be a waste of judicial resources and a waste of the parties' time and energy," a stay of the action at hand would favor both Plaintiff and Homes.com. *See* 2020 U.S. Dist. LEXIS 112663, at *6. Just as in *Hoffman*, the "definitional problem" of what equipment constitutes an ATDS is relevant to this dispute, as Plaintiff's TCPA claim turns on whether Homes.com used an ATDS to contact him. *Id.*; *see, e.g.*, Compl. [ECF No. 1] ¶¶ 24, 25, 28. And if Plaintiff can get beyond the pleadings stage, class discovery, class certification expert disclosure, and class certification briefing will follow, at substantial time and expense. And given the Ninth Circuit's decision in *Marks,*

Homes.com would also be required to litigate this action based on a definition of ATDS that could be invalidated by the Supreme Court in *Duguid*. Because the claims and defenses in this dispute will undeniably be impacted by the Supreme Court's decision in *Duguid*, granting a stay will allow both parties to save the time and expense associated with the putative class proceedings until the definition of an ATDS is clarified. As in *Castrellon*, where the Central District of California stayed proceedings pending clarity on the definition of an ATDS on the basis that "minimal, if any, damage would result from a stay of this proceeding" and that the plaintiff "may benefit from Ninth Circuit guidance on the ATDS issue," any damage resulting from a stay of the instant action would be minimal, as a stay would benefit both parties. *See* 2018 U.S. Dist. LEXIS 226199, at *19.

This is especially true given the early stage of this litigation. In *Nguyen*, this Court stayed proceedings pursuant to a separate Supreme Court case on the grounds that doing so would "conserve judicial resources that would otherwise be unnecessarily expended challenging pleadings and litigating class certification issues." 2018 U.S. Dist. LEXIS 80226, at *19-20. The Court expressly found that "it would prove to be an extraordinary waste of time and money to continue litigating this case only to have to do it all again because the experts, the parties and the Court were proceeding under a legal framework that the Supreme Court determined did not apply." *Id.* at *20. The same is true here: it would be a waste of time and money for both parties to continue litigating this action based on a definition of ATDS that the Supreme Court could later invalidate in *Duguid*.

Additionally, these proceedings are similar to those in *St. Louis Heart Ctr.*, where the Eastern District of Missouri stayed proceedings pursuant to an FCC decision interpreting the TCPA on the grounds that "staying the case now would not significantly disrupt the litigation process" because "the parties have conducted little, if any, discovery; and other than the instant motions, no substantive issues have been

or are scheduled to be litigated." 2015 U.S. Dist. LEXIS 150776, at *12-13. Similarly, no discovery has yet been conducted in this case, and no additional issues are scheduled to be litigated. Staying this action would preserve the time and resources of both parties to the action.

Because the case is at an even earlier stage in the litigation process than *St. Louis Heart Ctr.*, a stay of this litigation would not disrupt the litigation and would not unduly prejudice Plaintiff. *See id.* at *12-13. Additionally, as this Court found in *Nguyen*, granting a stay would conserve resources that would otherwise be unnecessarily expended litigating class certification issues. 2018 U.S. Dist. LEXIS 80226, at *19-20. Given that the decision in *Duguid* is likely to be made "within a reasonable time in relation to the urgency of the claims presented to the [C]ourt," *Leyva*, 593 F.2d at 864, there is no risk of "irreparable damage and a miscarriage of justice" if this action is stayed. *CMAX*, 300 F.2d at 268. Granting a stay in this action therefore would not prejudice Plaintiff, and would, in fact, benefit both parties to this dispute.

## III.    CONCLUSION

Good cause exists to grant a limited stay until the Supreme Court issues its decision in *Facebook Inc. v. Duguid*, Case No. 19-511. The requested stay will not prejudice Plaintiff, and will provide meaningful benefit to this Court and all the parties. Homes.com therefore respectfully requests that this Court grant this Motion and stay this action.

| | |
|---|---|
| Dated: July 15, 2020 | SQUIRE PATTON BOGGS (US) LLP |
| | By: */s/Eric J. Troutman*<br>Eric J. Troutman (State Bar # 229263)<br>eric.troutman@squirepb.com<br>555 South Flower Street, 31st Floor<br>Los Angeles, California 90071<br>Telephone: +1 213 624 2500<br>Facsimile: +1 213 623 4581 |
| | Amy Brown Doolittle (*Pro Hac Vice* motion forthcoming)<br>amy.doolittle@squirepb.com<br>2550 M Street, NW<br>Washington, DC 20037<br>Telephone: +1 202 457 6000<br>Facsimile: +1 202 457 6315 |
| | Attorneys for Defendant<br>HOMES.COM, INC. |