1  SQUIRE PATTON BOGGS (US) LLP
2  Eric J. Troutman (State Bar # 229263)
   eric.troutman@squirepb.com
3  555 South Flower Street, 31st Floor
4  Los Angeles, California 90071
   Telephone: +1 213 624 2500
5  Facsimile: +1 213 623 4581

6
   Amy Brown Doolittle (admitted *Pro Hac Vice)*
7  amy.doolittle@squirepb.com
8  2550 M Street, NW
   Washington, DC 20037
9  Telephone: +1 202 457 6000
10 Facsimile: +1 202 457 6315

11 Attorneys for Defendant
   HOMES.COM, INC.
12

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMES.COM, INC.,<br><br>Defendant. | Case No. 3:20-cv-01086-JM-DEB<br><br>**CLASS ACTION**<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT'S DECISION IN *FACEBOOK INC. V. DUGUID*, CASE NO. 19-511**<br><br>Date: August 17, 2020<br>Honorable Jeffrey T. Miller<br>Courtroom: 5D<br>Action filed: June 15, 2020<br>No Oral Argument Unless Ordered by the Court |

**TABLE OF CONTENTS**

Page

ARGUMENT ........................................................................................................................ 3

I. PLAINTIFF DOES NOT DENY THE CRITICAL IMPACT OF DUGUID ON THIS CASE AND MAKES NO VALID SHOWING OF PREJUDICE FROM THE STAY ................................................................ 3

II. DEFENDANT WILL ABSOLUTELY BE HARMED IF THE CASE PROCEEDS—AND SO MIGHT THE PLAINTIFF AND THE COURT FOR THAT MATTER ............................................................................ 5

III. CONCLUSION ......................................................................................................... 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allan v. Pa. Higher Educ. Assistance Agency*,
 No. 19-2043, 2020 U.S. App. LEXIS 23935 (6th Cir. July 29,
 2020) ...................................................................................................................... 7

*Ammons v. Diversified Adjustment Serv.*,
 No. 18-cv-06489, 2019 U.S. Dist. LEXIS 175842 (C.D. Cal. Oct. 9,
 2019) ...................................................................................................................... 7

Barrera v. Comcast Holdings Corp., No. 14-cv-00343-TEH,
 2014 U.S. Dist. LEXIS 65800 (N.D. Cal. May 12, 2014) ..................................... 5

*Boehm v. Pure Debt Sols. Corp.*,
 No. 8:19-cv-00117-LSC-CRZ, 2019 U.S. Dist. LEXIS 177676 (D.
 Neb. Oct. 11, 2019) ............................................................................................ 5, 6

*Boise v. ACE USA, Inc.*,
 No. 15-Civ-21264-COOKE/TORRES, 2015 U.S. Dist. LEXIS
 87200 (S.D. Fla. July 6, 2015) .............................................................................. 6

*Centeno v. Inslee*,
 310 F.R.D. 483 (W.D. Wash. 2015) ...................................................................... 9

*Charman v. Nationwide Ins. Co.*,
 No. 3:20-cv-00181, ECF No. 1 (S.D. Cal. Jan. 28, 2020) ..................................... 4

*Duguid v. Facebook Inc.*,
 926 F.3d 1146 (9th Cir. 2019) ............................................................................... 6

*Facebook Inc. v. Duguid*,
 Case No. 19-511 ............................................................................................*passim*

*Gadelhak v. AT&T Servs.*,
 950 F.3d 458 (7th Cir. 2020) ................................................................................. 7

*Garcia v. Target Corp.*,
 276 F. Supp. 3d 921 (D. Minn. 2016) ................................................................... 5

# **TABLE OF AUTHORITIES (cont'd)**

**Page(s)**

*Glasser v. Hilton Grand Vacations Co.*,
LLC, 948 F.3d 1301 (11th Cir. 2020) ..................................................................7

*Grome v. USAA Sav. Bank*, No. 4:19-cv-03080-JMG-SMB,
2020 U.S. Dist. LEXIS 123224 (D. Neb. July 14, 2020) ..................................10

*Hoagland v. Axos Bank*,
No. 19-cv-00750-BAS-DEB, 2020 U.S. Dist. LEXIS 132831 (S.D.
Cal. July 27, 2020) ..............................................................................................3

*Hoffman v. Jelly Belly Candy Co., Inc.*,
No. 2:19-cv-01935-JAM-DB, ECF No. 22 (E.D. Cal. July 17,
2020) .................................................................................................................10

*Lathrop v. Uber Techs., Inc.*,
No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490 (N.D. Cal. Jan.
8, 2016) ...............................................................................................................9

*Meier v. Allied Interstate, LLC*,
No. 18-CV-1562-GPC-BGS, 2020 U.S. Dist. LEXIS 28249 (S.D.
Cal. Feb. 19, 2020) .............................................................................................7

*Mendez v. Optio Sols., LLC*,
239 F. Supp. 3d 1229 (S.D. Cal. 2017) ..............................................................9

*Nguyen v. MarketSource, Inc.*,
No. 17-cv-02063-AJB-JLB, 2018 U.S. Dist. LEXIS 80226 (S.D.
Cal. May 11, 2018) .........................................................................................6, 8

*In re Portfolio Recovery Assocs.*,
No. 11md02295 .................................................................................................2

*Provo v. Rady Children's Hosp. San Diego*,
No. 15cv0081 .................................................................................................3, 6

*Ralph v. HAJ, Inc.*,
No. 17cv1332 .....................................................................................................8

*Rogers v. Navient Solutions, LLC*,
1:20-cv-00276-TSE-MSN, ECF 29 (E.D. Va. July 27, 2020) ..........................10

# TABLE OF AUTHORITIES (cont'd)

**Page(s)**

*Runyon v. EverQuote, Inc.*,
   No. 20-cv-01206-RM-STV, ECF No. 20 (D. Colo. July 23, 2020) .................. 10

*In re Sequenom, Inc. Stockholder Litig.*,
   No. 16-cv-02054-JAH-BLM, 2019 U.S. Dist. LEXIS 41875 (S.D.
   Cal. March 12, 2017) ........................................................................................ 8

*Washington v. Trump*,
   No. C17-0141JLR, 2017 U.S. Dist. LEXIS 75426 (W.D. Wash.
   May 17, 2017) .................................................................................................... 5

*Whattoff-Hall v. Portfolio Recovery Assocs.*,
   No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375
   (S.D. Cal. July 23, 2020) .................................................................................. 3

*Whittaker v. All Reverse Mortg.*,
   No. CV-20-08016-PCT-DLR, 2020 U.S. Dist. LEXIS 96833 (D.
   Ariz. May 29, 2020 ........................................................................................... 9

*Young v. Facebook, Inc.*,
   No. 5:10-cv-03579-JF/PVT, 2010 U.S. Dist. LEXIS 98261 (N.D.
   Cal. Sept. 13, 2010) ........................................................................................ 10

Other Authority

In the Matter of Rules and Regulations Implementing the Telephone
   Consumer Protection Act of 1991, P2P Alliance Petition for
   Clarification, CG Docket No. 02-278
   (June 25, 2020) .................................................................................................. 7

Homes.com moved to stay this case because it used a click-to-dial system that is likely not subject to the TCPA and would prefer to avoid the expensive of litigating the issue until the Supreme Court identifies the proper standard for assessing an automated telephone dialing system ("ATDS") in *Facebook Inc. v. Duguid*, Case No. 19-511 ("*Duguid*").

Plaintiff's Opposition attempts to use Homes.com's Motion for a Stay of Proceedings Pending Supreme Court's Decision in *Facebook, Inc. v. Duguid* [ECF No. 11] ("the Motion") to launch a premature, and potentially irrelevant, discovery fishing expedition on third parties and Homes.com. Rather than focus on the clear import the Supreme Court's anticipated ruling will have on this case, Plaintiff conjures up vast categories of data and discovery he contends will be necessary to litigate the case and that—he contends—are at imminent risk of deletion if the stay were granted.

Plaintiff's motion fails to specifically identify what records are needed, who is in their possession, and presents no evidence whatsoever that any such records are likely to be destroyed if the Motion were granted. Perhaps most problematically, Plaintiff does not explain why he, himself, has not already requested that the records be preserved by the third-parties and why he believes the Court must fashion a cumbersome mechanism to compel Homes.com to do it for him.

While Homes.com agrees that third-parties holding potentially pertinent information ought to be informed of the litigation and reminded of their obligations to maintain potentially relevant ESI, no prejudice has been shown or can be shown by the Plaintiff where he is perfectly capable of notifying third-parties and requesting a record hold himself—which is his obligation anyway. Indeed, three separate stay orders have been entered by this Court pending *Duguid* in the last few weeks,[1] and

---

[1] *In re Portfolio Recovery Assocs.*, No. 11md02295 JAH-BGS, 2020 U.S. Dist. LEXIS 132312, at *35 (S.D. Cal. July 27, 2020) ("Defendant demonstrates the ruling in the Supreme Court action will simplify this matter in that it bears upon the main

REPLY IN SUPPORT OF MOTION TO STAY
*Case No. 3:20-CV-01086-JM-DEB*

none has been encumbered as Plaintiff demands. Plaintiff has not explained why his case is any different.

## ARGUMENT

**I. Plaintiff Does Not Deny the Critical Impact of *Duguid* on This Case and Makes No Valid Showing of Prejudice From the Stay.**

Plaintiff's Opposition is silent on the single most critical issue raised by the Motion—that the outcome of *Duguid* may be entirely dispositive of this case and will, at minimum, provide guidance to the parties on the critical issue of what constitutes an ATDS.

This Court has long recognized that parties will not be "significantly prejudiced by a less than one year delay," *Provo v. Rady Children's Hosp. San Diego*, No. 15cv0081 JM(BGS), 2015 U.S. Dist. LEXIS 100491, at *5 (S.D. Cal. July 29, 2015) (Miller, J.), when a stay "will potentially streamline [a] case by **identifying controlling legal principles, and identifying the scope of discovery**." *Id.* (emphasis added). So it is here. Proceeding with discovery and litigating the case is bound to lead to waste as neither the parties, their experts, nor the Court will have the necessary standards applicable to the action. It would simply be an expensive game of pin the tail on donkey with blindfolded parties wasting their (and the Court's) resources litigating technical issues without understanding what functionalities an ATDS must perform to qualify under the statute.

---

issue pending before this Court."); *Hoagland v. Axos Bank*, No. 19-cv-00750-BAS-DEB, 2020 U.S. Dist. LEXIS 132831 (S.D. Cal. July 27, 2020) ("The parties represent that [definition of ATDS] question is central to the dispute in the instant case and thus jointly request a stay until the Supreme Court issues a decision in Facebook."); *Whattoff-Hall v. Portfolio Recovery Assocs.*, No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375, at *3 (S.D. Cal. July 23, 2020) ("As evidenced by the parties' pleadings, the definition of an automatic telephone dialing system under the TCPA is a central, and disputed, issue in the present action.").

REPLY IN SUPPORT OF MOTION TO STAY
*Case No. 3:20-CV-01086-JM-DEB*

Yet Plaintiff urges that the case must nonetheless proceed because third-parties might be in possession of years-old records that must be preserved.² Pl. Opp. [ECF No. 16] at 7. It is easy to see how this claim of prejudice is a poor fit to the relief sought by the Motion—the prejudice does not follow from the requested stay so much as it follows from the absence of any potential class member suing earlier in the class period.³ But forcing Homes.com to litigate this case merely because class members *did not* object to its conduct for four years and now the one class member that did might lose records pertaining to *non-objecting* class members is hardly equitable.

Critically, Plaintiff has not attempted to show that his own claim against Homes.com would be potentially impaired. It will not be. The stay at issue is expected to be less than a year, and Plaintiff's own "evidence" suggests that carriers maintain records for 18 months. *See* Pl. Opp. [ECF No. 16] at 7.

Then again, Plaintiff did not actually provide any evidence to begin with— merely a couple of articles of dubious foundation. *See* Pl. Opp. [ECF No. 16] at Exs. A-C. So he has failed to make any showing that *any* potential evidence is actually at risk of destruction to begin with.

But even if some records in the possession of third-parties might be at risk of destruction, Plaintiff only hints as to what those records might be and how they might be integral to the case. Indeed, while Plaintiff announces his need "to serve discovery requests for production of all the telephone numbers sent a text message by Homes

---

² Homes.com, of course, is preserving all relevant records within its possession or control as it is required to do.

³ Plaintiff himself allegedly received a call on March 3, 2020 and waited 3 months to sue. That delay, although relatively brief, contributed to whatever risk of deletion currently exists. Moreover, Plaintiff cannot feign ignorance because he has sued other entities under the TCPA. *See. e.g.*, *Charman v. Nationwide Ins. Co.*, No. 3:20-cv-00181, ECF No. 1 (S.D. Cal. Jan. 28, 2020); *Charman v. Big Block Realty, Inc.*, No. 3:20-cv-01390, ECF No. 1 (S.D. Cal. July 21, 2020); *Charman v. Selectquote Ins. Servs.*, No. 3:20-cv-00710, ECF No. 1 (S.D. Cal. Apr. 14, 2020); *Charman v. Titan Mutual Lending, Inc.*, No. 3:20-cv-00557, ECF No. 1 (S.D. Cal. Mar. 24, 2020).

during the period of 4 years prior to the filing of the Complaint," *see* Pl. Opp. [ECF No. 16] at 6, the actual allegations of the Complaint suggest a far narrower scope of discovery is at issue in the case. *See* Compl. [ECF No. 1] at ¶ 33 (seeking to represent only those individuals sent for *marketing purposes*, using the *same or substantially similar text messaging system* used to send a text message to Plaintiff, and *without express written consent*.) Of course, even the definition in the Complaint is facially uncertifiable, which is why Homes.com has moved to strike it. *See* Motion to Strike Class Definition, or, Alternatively, to Dismiss or Strike Nationwide Class Allegations [ECF No. 18] at 4-10.

So Plaintiff has failed to properly identify *which* documents are in the possession of *which* third-parties that might be relevant to the case and has wholly failed to provide *evidence* that those records are at any risk of being destroyed. In short, he has made no substantiated showing of prejudice if the Motion were granted.

Even if some risk of destruction of pertinent documents exists, Plaintiff overlooks his own obligations to preserve evidence. See, e.g., Barrera v. Comcast Holdings Corp., No. 14-cv-00343-TEH, 2014 U.S. Dist. LEXIS 65800, at *12-13 (N.D. Cal. May 12, 2014) ("As to discovery prejudice, as noted by Defendant, Plaintiff is likely in possession of relevant evidence such as her own telephone records. The parties are under reciprocal obligations to preserve evidence.") (citing Fed. R. Civ. P. 26(f)). Even now, nothing is preventing him from notifying the carriers to preserve potentially relevant evidence.

Courts commonly find that, concerns about preservation of evidence can be addressed by the <u>plaintiff</u> serving subpoenas or preservation letters with a copy of the stay order. *See, e.g.*, *Garcia v. Target Corp.*, 276 F. Supp. 3d 921, 925 (D. Minn. 2016); *Washington v. Trump*, No. C17-0141JLR, 2017 U.S. Dist. LEXIS 75426, at *13-14 (W.D. Wash. May 17, 2017). Even *Boehm v. Pure Debt Sols. Corp.*, No. 8:19-cv-00117-LSC-CRZ, 2019 U.S. Dist. LEXIS 177676, at *1-4 (D. Neb. Oct. 11,

2019), which Plaintiff relies upon, *see* Pl. Opp. at 14, placed third-party discovery obligations on <u>plaintiff</u>, not defendant, to "serve this [preservation] order on cellular telephone carriers."[4]

In short, nothing is preventing Plaintiff from asking the carriers to preserve whatever needed evidence he fears might be destroyed in the next ten months.

## II. Defendant Will Absolutely Be Harmed if the Case Proceeds—And So Might the Plaintiff and the Court for that Matter.

"Discretion to stay a case is appropriately exercised when the resolution of another matter will have a direct impact on the issues before the court, thereby substantially simplifying the issues presented." *Nguyen v. MarketSource, Inc.*, No. 17-cv-02063-AJB-JLB, 2018 U.S. Dist. LEXIS 80226, at *5 (S.D. Cal. May 11, 2018) (citing *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983)). Again, a stay is most appropriate where a pending appellate decision will streamline the case and provide clarity on critical substantive issues. *Provo*, 2015 U.S. Dist. LEXIS 100491, at *5. Such a stay favors both Plaintiff and Homes.com and conserves judicial resources. *See Boise v. ACE USA, Inc.*, No. 15-Civ-21264-COOKE/TORRES, 2015 U.S. Dist. LEXIS 87200, at *13 (S.D. Fla. July 6, 2015) (staying proceedings pending two Supreme Court decisions, finding that "both parties could be harmed by the burden of potentially superfluous litigation.").

Here, Plaintiff's Opposition concedes—as it must—that his causes of action under the TCPA are dependent on whether Homes.com used an ATDS to text him. In granting a writ of certiorari in *Duguid v. Facebook Inc.*, 926 F.3d 1146 (9th Cir. 2019), the Supreme Court agreed to consider the precise question of what constitutes an ATDS, and whether the Ninth Circuit's broad reading of ATDS is correct. *Duguid*

---

[4] Notably, the *Boehm* decision came after the court had already issued prior a discovery order dramatically narrowing discovery in the case to "individual claims by the Plaintiff . . . bifurcating merits and class certification discovery until further notice." *Boehm*, 2019 U.S. Dist. LEXIS 177676, at *2. The lead plaintiff counsel in *Boehm* is the same lead Plaintiff counsel in this case. *Id.* at *1.

*v. Facebook Inc.*, 926 F.3d 1146 (9th Cir. 2019), *pet. for cert. granted*, No. 19-511. Until the ruling in *Duguid*, therefore, there is simply no way for the parties to know what functionalities a device must perform to qualify as an ATDS under the TCPA.[5]

Plaintiff lightly argues that litigation in this case following *Duguid* is inevitable—but that is not true. There are a number of possible ATDS formulations the Supreme Court might adopt that would thwart Plaintiff's claim entirely—the most likely being that a device must dial randomly or sequentially to qualify as an ATDS.[6] But the Supreme Court might also rule—as the Sixth Circuit just did two weeks ago— that only *automated* calls made using a system with the "capacity" to serve as an ATDS qualify under the TCPA.[7] Such a determination would categorically exempt Homes.com's "click-to-text" technology and the case would evaporate.[8]

Of course, the Supreme Court might determine something else entirely. Perhaps the Supreme Court will adopt *Marks*, or something even broader.[9] If that

---

[5] It is worth noting, the issue is not binary. The Supreme Court is not bound by any particular interpretation that has been given previously. And while the Circuit Courts have roughly split into two camps, there are at least four possible readings of the statutory text at issue. *See Gadelhak v. AT&T Servs.*, 950 F.3d 458, 463-64 (7th Cir. 2020) (explaining four different interpretations of the phrase "using a random or sequential number generator" in the TCPA's definition of an ATDS).

[6] *Gadelhak*, 950 F.3d 458 at 469; *Glasser v. Hilton Grand Vacations Co.*, LLC, 948 F.3d 1301, 1309-10 (11th Cir. 2020).

[7] *Allan v. Pa. Higher Educ. Assistance Agency*, No. 19-2043, 2020 U.S. App. LEXIS 23935, at *25 (6th Cir. July 29, 2020) (explaining that "use of a cell phone would be subject to a fine under the TCPA only if it *actually* is used as an ATDS," and so finding that "the autodialer ban applies to *automatic* dialing systems or artificial or prerecorded voice messages only.") (emphasis added).

[8] Notably, the FCC has also ruled that such technology is not subject to the TCPA. *See* FCC Declaratory Ruling, In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, P2P Alliance Petition for Clarification, CG Docket No. 02-278 (June 25, 2020).

[9] Notably, even under *Marks* the click-to-text technology used here would not be subject to the TCPA. *See, e.g.*, *Ammons v. Diversified Adjustment Serv.*, No. 18-cv-06489, 2019 U.S. Dist. LEXIS 175842, 15 *12-14 (C.D. Cal. Oct. 9, 2019) (finding that equipment that employed "clicker agents" to manually click to dial "requires human interaction" and so was not an ATDS); *Meier v. Allied Interstate, LLC*, No.

REPLY IN SUPPORT OF MOTION TO STAY
*Case No. 3:20-CV-01086-JM-DEB*

were the case, this litigation would, indeed, proceed—but perhaps without the need for discovery or experts at all since the ATDS issue would be perfectly clear cut. Plaintiff is simply wrong, therefore, in arguing that ATDS discovery will always be needed in this case—*Duguid* might easily be dispositive of the issue in a manner that thwarts the need for any discovery, one way or the other.

But even if discovery ends up being needed, there is no articulate reason to conclude that the parties' discovery efforts—particularly their expert discovery—would not be greatly assisted by *Duguid.* On this point the Opposition is simply silent. That is very telling.

Instead, the Opposition suggests that Homes.com is merely complaining about litigating the case. *See* Pl. Opp. [ECF NO. 16] at 10 (reminding that "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*."). But there is a difference between being required to defend a suit, on the one hand, and being required to defend a suit without an inkling of what one is defending against, on the other. Here Homes.com cannot, and does not, know what the elements of the stated claim actually consist of. This is surely an appropriate showing of prejudice. *See Nguyen*, 2018 U.S. Dist. LEXIS 80226, at *5 (staying case pending Supreme Court decision); *see also Ralph v. HAJ, Inc.*, No. 17cv1332 JM(JMA), 2017 U.S. Dist. LEXIS 187335, at *8 (S.D. Cal. Nov. 13, 2017) (staying proceedings where the "resolution of the issues on appeal" in a Supreme Court case would "directly impact the course of [the] litigation"); *In re Sequenom, Inc. Stockholder Litig.*, No. 16-cv-02054-JAH-BLM, 2019 U.S. Dist. LEXIS 41875, at *6-7 (S.D. Cal. March 12, 2017) (staying proceedings where Supreme Court decision would determine standard for plaintiff's claim, further finding that it would be "inconsistent with judicial principles of efficacy if litigation continued in this

---

18-CV-1562-GPC-BGS, 2020 U.S. Dist. LEXIS 28249, at *11 (S.D. Cal. Feb. 19, 2020) (same).

action" given that the standard of law was "currently in flux"); *Centeno v. Inslee*, 310 F.R.D. 483, 491 (W.D. Wash. 2015) (staying proceedings where Supreme Court had granted certiorari because a stay would "assist this Court in resolving the central open legal question in the case"); *Whittaker v. All Reverse Mortg.*, No. CV-20-08016-PCT-DLR, 2020 U.S. Dist. LEXIS 96833, at *2 (D. Ariz. May 29, 2020) (staying proceedings of class action arising under the TCPA pending the resolution of *Barr v. AAPC*, 591 U.S. \_\_\_\_ (2020) because the Supreme Court's decision "might dispose of the lawsuit, narrow Plaintiff's class, or at least provide relevant guidance to the Court").

### III. The Rule in *Duguid* Will Obviously Simplify the Case.

Despite the pending resolution of a critical issue central to the Plaintiff's case by the Supreme Court, Plaintiff argues that *Duguid* will not simplify this case. Of course it will.

When the Supreme Court decides *Duguid,* the parties—and this Court—will know (not suspect, guess, surmise or believe) precisely what functionalities an ATDS must perform. Right now, that is not the case and—should the case proceed—the parties must do so accounting for all possibilities in their litigation tactics. So *Duguid* will simplify the case by removing possible ATDS definitions from the table and allowing the parties and the Court to focus on the true applicable standard. Straightforward.

The cases cited by Plaintiff—*Lathrop v. Uber Techs., Inc.*, No. 14-cv-05678-JST, 2016 U.S. Dist. LEXIS 2490 (N.D. Cal. Jan. 8, 2016) and *Mendez v. Optio Sols., LLC*, 239 F. Supp. 3d 1229, 1234 (S.D. Cal. 2017)—offer nothing meaningful on this point. Each case refused to stay litigation where the impact of an appeal was unlikely to actually impact the TCPA case proceeding before it. As just shown, however, that is not the case here. Little wonder numerous courts have stayed TCPA cases pending *Duguid* over the last few weeks—most because even TCPA *Plaintiffs* cannot deny

the key and central impact of *Duguid* on the proceeding. *See, e.g., Runyon v. EverQuote, Inc.*, No. 20-cv-01206-RM-STV, ECF No. 20 (D. Colo. July 23, 2020); *Grome v. USAA Sav. Bank, No. 4:19-cv-03080-JMG-SMB*, 2020 U.S. Dist. LEXIS 123224 (D. Neb. July 14, 2020); *Rogers v. Navient Solutions, LLC*, 1:20-cv-00276-TSE-MSN, ECF 29 (E.D. Va. July 27, 2020); *Hoffman v. Jelly Belly Candy Co., Inc.*, No. 2:19-cv-01935-JAM-DB, ECF No. 22 (E.D. Cal. July 17, 2020) (minute order).

## IV. Plaintiff Cannot Justify Extraordinary Preservation Measures.

Plaintiff's request that any stay be conditioned on Homes.com and the Court—rather than Plaintiff—taking action to preserve information that Plaintiff seeks from third parties, (Pl. Opp. at 14-17), finds no support in the facts or law. Plaintiff's excuse that the "evidence preservation process would likely proceed more smoothly" (Pl. Opp. at 15) is speculative at best. Indeed, Plaintiff fails to demonstrate why such extraordinary preservation requirements are even necessary. *See, e.g.*, *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 U.S. Dist. LEXIS 98261, at *2-3 (N.D. Cal. Sept. 13, 2010) ("Plaintiff does not demonstrate why **extraordinary preservation requirements** are necessary to prevent the destruction of relevant evidence in the instant case. Absent such a showing, a preservation order would be premature.") (emphasis added). Because Plaintiff has failed to justify why this case is any different from the three other cases recently stayed in this District without such extraordinary preservation requirements, *see supra* fn. 3, any request for a preservation order in this case is premature and should be denied.

## III. CONCLUSION

For the foregoing reasons, Homes.com respectfully requests that the Court stay the current proceedings pending the resolution of *Duguid* by the Supreme Court.

[Signatures appear on following page]

| | | |
|---|---|---|
| Dated: August 10, 2020 | | SQUIRE PATTON BOGGS (US) LLP |

By: */s/ Eric J. Troutman*
Eric J. Troutman (State Bar # 229263)
eric.troutman@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Amy Brown Doolittle (admitted *Pro Hac Vice*)
amy.doolittle@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: +1 202 457 6000
Facsimile: +1 202 457 6315

Attorneys for Defendant
HOMES.COM, INC.