SQUIRE PATTON BOGGS (US) LLP
Eric J. Troutman (State Bar # 229263)
eric.troutman@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California 90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Amy Brown Doolittle (admitted *Pro Hac Vice)*
amy.doolittle@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone: +1 202 457 6000
Facsimile: +1 202 457 6315

Attorneys for Defendant
HOMES.COM, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THANE CHARMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOMES.COM, INC.,<br><br>Defendant. | Case No. 3:20-cv-01086-JM-DEB<br><br>**CLASS ACTION**<br><br>**DEFENDANT HOMES.COM, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE CLASS DEFINITION OR, ALTERNATIVELY, TO DISMISS OR STRIKE NATIONWIDE CLASS ALLEGATIONS**<br><br>Date: September 14, 2020<br>Time:<br>Honorable Jeffrey T. Miller<br>Courtroom: 5D<br>Action filed: June 15, 2020<br>No Oral Argument Unless Ordered by the Court |

REPLY IN SUPPORT OF MOTION TO STRIKE
*Case No. 3:20-CV-01086-JM-DEB*

# TABLE OF CONTENTS

**Page**

ARGUMENT ........................................................................................................... 1

I.    The Court Should Strike Plaintiff's Class Definition. .................................. 1

     A.    Class Certification Can Be Denied At Pleadings Stage ....................... 1

     B.    Plaintiff's Class Definition, On Its Face, Fails Rule 23's Requirements. ........................................................................................ 2

     C.    Plaintiff's Class Definition Impermissibly Constitutes a Failsafe Class and Requires the Court to Consider the Merits of Absent Class Members' Claims. ............................................................................. 4

II.    The Court Lacks Personal Jurisdiction Over Homes.com as to Non-California Class Member Claims. .................................................................. 6

     A.    *Bristol-Myers* Applies to TCPA Class Actions in Federal Court. ........ 6

     B.    The Doctrine of Pendent Personal Jurisdiction Does Not Apply to Absent Class Members' Claims. ......................................................... 9

CONCLUSION ..................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*,
    368 F.3d 1174 (9th Cir. 2004) ............................................................................ 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................ 2

*Berman v. Freedom Fin. Network, LLC*,
    No. 18-cv-01060-YGR, 2018 U.S. Dist. LEXIS 181968 (N.D. Cal.
    Oct. 23, 2018) ............................................................................................ 6, 7, 9

*Berndt v. Cal. Dep't of Corr.*,
    No. C 03-3174 VRW, 2010 U.S. Dist. LEXIS 57833 (N.D. Cal.
    May 19, 2010) ..................................................................................................... 3

*Bristol-Myers Squibb v. Superior Court*,
    137 S. Ct. 1773 (2017) ............................................................................... 6, 7, 8

*Carpenter v. Petsmart, Inc.*,
    441 F. Supp. 3d 1028 (S.D. Cal. 2020) ..................................................... 7, 8, 9

*Chavez v. Air Prods. & Chems. Inc.*,
    No. CV 14-06360-BRO, 2016 U.S. Dist. LEXIS 189276 (C.D. Cal.
    Feb. 24, 2016) ..................................................................................................... 4

*Cheatham v. ADT Corp.*,
    161 F. Supp. 3d 815 (D. Ariz. 2016) ................................................................. 2

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
    557 F.2d 1280 (9th Cir. 1977) ............................................................................ 8

*In re Dental Supplies Antitrust Litig.*,
    No. 16 Civ. 696, 2017 U.S. Dist. LEXIS 153265 (E.D.N.Y. Sept.
    20, 2017) ............................................................................................................. 9

*Dixon v. Monterey Fin. Servs., Inc.*,
    No. 15-cv-03298-MMC, 2016 U.S. Dist. LEXIS 111687 (N.D. Cal.
    Aug. 22, 2016) ........................................................................................... 3, 4, 5

SQUIRE PATTON BOGGS (US) LLP
555 South Flower Street, 31st Floor
Los Angeles, California 90071

*Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*,
   No. 17-cv-00564, 2017 U.S. Dist. LEXIS 155654 (N.D. Cal. Sep.
   22, 201) ........................................................................................................... 7

*Gen. Tel. Co. of the Sw. v. Falcon*,
   457 U.S. 147 (1982) ........................................................................................ 2

*Hanks v. Briad Rest. Grp., L.L.C.*,
   No. 2:14-cv-00786-GMN-PAL, 2015 U.S. Dist. LEXIS 23536 (D.
   Nev. Feb. 24, 2015) ........................................................................................ 3

*Jensen v. Roto-Rooter Servs.*
   *Co.*, No. C20-0223-JCC, 2020 U.S. Dist. LEXIS 151256 (W.D.
   Wash. Aug. 20, 2020) ..................................................................................... 2

*Lindsay Transmission, LLC v. Office Depot, Inc.*,
   No. 4:12-CV-221 (CEJ), 2013 U.S. Dist. LEXIS 9554 (E.D. Mo.
   Jan. 24, 2013) .................................................................................................. 5

*Marten v. Godwin*,
   499 F.3d 290 (3d Cir. 2007) ............................................................................ 8

*Seegert v. Rexall Sundown, Inc.*,
   No. 17cv1243-JAH (JLB), 2017 U.S. Dist. LEXIS 198165 (S.D.
   Cal. Dec. 1, 2017) ....................................................................................... 1, 3

*Sloan v. Gen. Motors LLC*,
   287 F. Supp. 3d 840 (N.D. Cal. 2018) ......................................................... 6, 7

*Sunward Electronics Inc. v. McDonald*,
   362 F.3d 17 (2d Cir. 2004) .............................................................................. 6

*Tietsworth v. Sears, Roebuck and Co.*,
   720 F. Supp. 2d 1123 (N.D. Cal. 2010) .......................................................... 3

**Statutes**

47 U.S.C. § 227 ("Telephone Consumer Protection Act") .............................. *passim*

47 C.F.R. § 64.1200 ............................................................................................. 6

**Other Authorities**

Fed. R. Civ. P. 4(k)(1)(A) ..................................................................................... 6

Fed. R. Civ. P. 23 .......................................................................................................*passim*

Fed. R. Civ. P. 23 (c)(1) ........................................................................................................ 1

- iv -

REPLY IN SUPPORT OF MOTION TO STRIKE
*Case No. 3:20-CV-01086-JM-DEB*

Plaintiff Thane Charman's Opposition [ECF No. 26] ("Pl's Opp.") asks this Court to disregard the deficiencies in his proposed Telephone Consumer Protection Act ("TCPA") class until the class certification stage, after the parties and the Court have expended time and resources litigating issues related to a class that could never be certified. Here, it is apparent that the nationwide class proposed in Plaintiff's Complaint, on its face, is not certifiable.

*First*, Plaintiff's class definition is based wholly on subjective criteria that cannot meet Rule 23's commonality and predominance requirements, a point the Opposition does not substantively address. *Second*, because class membership is dependent on being able to pursue a successful TCPA claim (*i.e,* no consent), Plaintiff has pled an improper fail-safe class that requires an inquiry into the merits of putative class members' claims to determine class membership. *Third,* even if Plaintiff could proceed with his deficient class definition, this Court does not have jurisdiction over putative class members whose claims have no connection whatsoever to California. As a result, Plaintiff's class allegations must be stricken.

## ARGUMENT

**I. The Court Should Strike Plaintiff's Class Definition.**

**A. Class Certification Can Be Denied At Pleadings Stage.**

Contrary to Plaintiff's repeated mantra that the motion is "premature" (Pl's Opp. [ECF No. 26] at 1, 9-12, 16), it is within the Court's broad discretion to strike Plaintiff's class allegations at the pleadings stage when the proposed class is facially uncertifiable in a manner that discovery cannot cure. *See, e.g.*, *Seegert v. Rexall Sundown, Inc.*, No. 17cv1243-JAH (JLB), 2017 U.S. Dist. LEXIS 198165, at *12-14 (S.D. Cal. Dec. 1, 2017) (granting defendant's motion to strike class allegations at pleadings stage); *see also* Fed. R. Civ. P. 23 (c)(1) (instructing courts to determine "[a]t an early practicable time" whether a proposed class satisfies Rule 23's requirements). Courts within the Ninth Circuit have recognized that "class

REPLY IN SUPPORT OF MOTION TO STRIKE
*Case No. 3:20-CV-01086-JM-DEB*

allegations may be stricken when it is clear from the face of the complaint that no class can be certified." *Cheatham v. ADT Corp.*, 161 F. Supp. 3d 815, 834 (D. Ariz. 2016). And the Supreme Court has confirmed as much, noting that "[s]ometimes the issues are plain enough from the pleadings" that a class action cannot be maintained. *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982). Plaintiff's Opposition confirms that striking the class allegations now is appropriate because it is clear from the subjective criteria Plaintiff uses to define his class that no amount of discovery will result in a certifiable class.

Importantly, it is Defendant that must shoulder a disproportionate burden if an errant class definition is allowed to pass through the pleadings stage. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (finding respondent's complaint deficient and declining to relax pleading requirements in part because of the "burdens of discovery" that proceedings would place on petitioner-defendants); *see also Jensen v. Roto-Rooter Servs*. Co., No. C20-0223-JCC, 2020 U.S. Dist. LEXIS 151256, at *4 (W.D. Wash. Aug. 20, 2020) (noting a defendant suffers "asymmetric discovery burdens and costs associated with defending itself against the purported class's claims").

**B.  Plaintiff's Class Definition, On Its Face, Fails Rule 23's Requirements.**

Plaintiff's imprecise and subjective class definition is unable to satisfy the requirements of Fed. R. Civ. P. 23 because it lacks objective criteria to determine who is and is not a class member and leaves the parties and Court speculating on what and who would meet this definition. As defined, the proposed class would require this Court to resolve key factual issues, including the question of what is a "substantially similar text messaging system." Compl. [ECF No. 1] ¶ 33. Significantly, Plaintiff's Opposition offers no guidance on what could possibly constitute a "substantially similar text messaging system" beyond suggesting that the definition implies that "the systems or devices are similar in material respects, not immaterial respects." Pl's Opp. [ECF No. 26] at 17. This criteria is even more

- 2 -

REPLY IN SUPPORT OF MOTION TO STRIKE
*Case No. 3:20-CV-01086-JM-DEB*

subjective than Plaintiff's initial class definition, as there is no possible way for a court to determine what would make a system or device similar in a "material" respect without conducting factual inquiries that would "improperly 'turn class certification into a mini-trial.'" *See Hanks v. Briad Rest. Grp., L.L.C.*, No. 2:14-cv-00786-GMN-PAL, 2015 U.S. Dist. LEXIS 23536, at *19-20 (D. Nev. Feb. 24, 2015) (quoting *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 983 n.8 (9th Cir. 2011)).

Recognizing the facial defects in the class definition, Plaintiff's Opposition tries to kick the can down the road by asserting that the Court should defer addressing these problems now and should wait to consider them until Plaintiff moves for class certification. *See* Pl's Opp. [ECF No. 26] at 16. But Plaintiff's argument is without merit because, as noted above, when the class is not certifiable on its face, district courts within the Ninth Circuit routinely consider the propriety of proceeding as a class action prior to class certification. *See, e.g.*, *Seegert*, 2017 U.S. Dist. LEXIS 198165, at *12-14 (granting motion to strike class allegations); *Cheatham*, 161 F. Supp. 3d at 834 (same); *Dixon v. Monterey Fin. Servs., Inc.*, No. 15-cv-03298-MMC, 2016 U.S. Dist. LEXIS 111687, at *7 (N.D. Cal. Aug. 22, 2016) (same); *Tietsworth v. Sears, Roebuck and Co.*, 720 F. Supp. 2d 1123, 1146 (N.D. Cal. 2010) (same).

Plaintiff instead proposes that Homes.com be required to engage in unwieldy, expensive, and broad-based discovery "into each of Defendant's equipment used," Pl's Opp. [ECF No. 26] at 19, that would leave the Court only to answer individualized, uncommon fact questions, as delineated in the Motion. *See* Mot. [ECF No. 18-1] at 5-7. Although Plaintiff claims that the proposed class definition does not require individualized inquiry, Pl's Opp. [ECF No. 26] at 19, the Court has no other way to determine who was contacted with a "substantially similar" system. This result leaves the Court with no way to cure Plaintiff's fatal class membership defect, is inconsistent with Rule 23, and requires Plaintiff to return to the drawing board. *See Berndt v. Cal. Dep't of Corr.*, No. C 03-3174 VRW, 2010 U.S. Dist.

LEXIS 57833, at *10 (N.D. Cal. May 19, 2010) (denying class certification because "problems with the class definition are multiple and substantial. The court could not simply perform a minor facelift on the class definition; major surgery is required.").

At bottom, the class defined in the Complaint is not certifiable, and Plaintiff does not even pretend that he will seek to certify the class alleged. Rather, Plaintiff expressly suggests an intent to "move the ball" and change course with a new definition asserted at a later stage of the case. But the Court should not allow such intended target-moving salvage definitions that are flatly uncertifiable as alleged.

### C. Plaintiff's Class Definition Impermissibly Constitutes a Failsafe Class and Requires the Court to Consider the Merits of Absent Class Members' Claims.

Plaintiff's Opposition claims that the proposed class definition is not an improper fail-safe class because: (1) the Ninth Circuit has not ruled on the propriety of fail-safe classes generally; (2) the proposed definition omits the phrase "ATDS"; and (3) Plaintiff's language concerning express written consent is proper. Pl's Opp. [ECF No. 26] at 12-16. Each of these arguments fails.

First, while it is true that the Ninth Circuit has not yet ruled on the propriety of fail-safe classes, district courts within it have found such classes to be improper. *See, e.g.*, *Dixon*, 2016 U.S. Dist. LEXIS 111687, at *7 (granting motion to strike class allegations arising under TCPA in part because proposed class was an improper fail-safe class); *Chavez v. Air Prods. & Chems. Inc.,* No. CV 14-06360-BRO (PJWx), 2016 U.S. Dist. LEXIS 189276, at *24-25 (C.D. Cal. Feb. 24, 2016). And, as noted in the Motion, regardless of whether it is labeled a fail-safe class or not, the problem with the definition is that class membership turns on the outcome of a merits determination – *i.e.,* whether each putative class member consented to receive the challenged texts.

Second, Plaintiff's argument that the class definition cannot be a fail-safe class because it does not include the term "automated telephone dialing system" is

1 nonsensical. A class definition does not have to use the term "automated telephone dialing system" to be a fail-safe class. As discussed in the Motion (at 8-10), the problem with Plaintiff's class definition from a fail-safe perspective is that to determine class membership, the Court would need to resolve the key question of whether a putative class member provided express written consent. Put differently, a putative member of the class is only included if the foregoing determination is made in his or her favor.

Homes.com is unfairly prejudiced by such a proceeding, because the class members are either determined to win on a critical merits issue, or they are not in the class at all. *See Dixon*, 2016 U.S. Dist. LEXIS 111687, at *7 (discussing inherent unfairness in permitting merits-based definitions to survive the pleadings stage). This improper requirement for the parties to litigate a key merits issue at such an early stage "flies directly in the face of a basic tenet of class certification." *Lindsay Transmission, LLC v. Office Depot, Inc.*, No. 4:12-CV-221 (CEJ), 2013 U.S. Dist. LEXIS 9554, at *12 (E.D. Mo. Jan. 24, 2013).

Finally, Plaintiff cannot amend his class definition in an opposition to a motion to strike. *See, e.g.*, *Dixon*, 2016 U.S. Dist. LEXIS 111687, at *5 (declining to adopt amendments to class definition proposed in opposition to motion to strike). Moreover, Plaintiff's proposed amendments to the class definition, *see* Pl's Opp. [ECF No. 26] at 20, fare no better than his current definition. The proposed language would require the same merits-based inquiry, and therefore would still constitute a fail-safe class – for example, the Court would be required to conduct the same sort of individualized inquiry into which putative class members Homes.com had a "business relationship" with, *see* Pl's Opp. [ECF No. 26] at 20. The Court should therefore strike Plaintiff's improper class allegations.

## II. The Court Lacks Personal Jurisdiction Over Homes.com as to Non-California Class Member Claims.

Even if the deficient class definition is not stricken, the Court should still dismiss or strike the claims of non-California class members for lack of personal jurisdiction. Plaintiff concedes that the Court lacks general jurisdiction over Homes.com, and argues only that Homes.com's contacts with one named California plaintiff automatically confers personal jurisdiction over non-California residents' claims. Pl's Opp. [ECF No. 26] at 22. Plaintiff's argument, however, is premised on a fundamental misunderstanding of the law of personal jurisdiction and the unsettled proposition that *Bristol-Myers Squibb v. Superior Court*, 137 S. Ct. 1773 (2017) simply does not apply to class actions. This overly simplistic view not only ignores this Court's precedent, but also fundamental notions of due process that prevent this Court from exercising specific jurisdiction over Homes.com for absent class members' claims that have no connection whatsoever to California.

### A. *Bristol-Myers* Applies to TCPA Class Actions in Federal Court.

Plaintiff incorrectly posits that *Bristol-Myers* does not apply here because this case "is a purely federal claim in federal court." Pl's Opp. [ECF No. 26] at 3; *see also id.* at 22 ("*Bristol-Myers* is thus inapplicable to the instant class action case invoking federal question subject matter jurisdiction."). Plaintiff ignores the fact that because the TCPA does not authorize nationwide service of process, California's personal jurisdiction rules govern. *See* Fed. R. Civ. P. 4(k)(1)(A); 47 U.S.C. § 227; 47 C.F.R. § 64.1200. "In a federal question case, where the defendant resides outside the forum state, federal courts apply the forum state's personal jurisdiction rules if the applicable federal statute does not provide for national service of process." *Sunward Electronics Inc. v. McDonald,* 362 F.3d 17, 22 (2d Cir. 2004).

Indeed, the court in *Berman v. Freedom Fin. Network, LLC*, No. 18-cv-01060-YGR, 2018 U.S. Dist. LEXIS 181968, at *3 (N.D. Cal. Oct. 23, 2018) distinguished one of the cases relied upon by Plaintiff—*Sloan v. Gen. Motors LLC*, 287 F. Supp.


3d 840 (N.D. Cal. 2018) (Pl's Opp. [ECF No. 26] at 21)—because "the federal TCPA claims at issue [] do not include a statutory expansion of personal jurisdiction broader than California's long-arm statute would permit." *Id.* at *3.  Moreover, the *Berman* court denied leave to amend to add a nonresident plaintiff to a TCPA case against a nonresident defendant, finding that *Bristol-Myers*' "due process concerns" **are** implicated in cases where a nonresident plaintiff is asking a court to assert "personal jurisdiction over a non-resident defendant and the federal statute at issue does not provide for extraterritorial service of process." *Id.* at *3-4.  Thus, the Supreme Court's finding in *Bristol-Myers* that there must "a connection between the forum and the specific claims at issue" in the mass action context applies with equal force to nationwide class actions in federal court, even when asserted under a federal statue like the TCPA.

Moreover, while Plaintiff's Opposition relies on cases from other courts, it completely ignores this Court's on-point decision in *Carpenter v. Petsmart, Inc.*, 441 F. Supp. 3d 1028 (S.D. Cal. 2020). In *Carpenter,* this Court found that *Bristol-Myers* applies to class actions and held that it lacked personal jurisdiction over defendant for any claims of unnamed class members based on purchases that occurred outside of California. *Id.* at 1042.  Notably, the issue was presented to the Court in the context of a motion to strike (as Homes.com does here), and the Court found it appropriate to strike the nationwide class allegations from the complaint pursuant to Federal Rules of Civil Procedure 12(f) and 23(d)(1)(D). *Id.* at 1042.  Thus, contrary to Plaintiff's Opposition (at 22), Homes.com's Motion is not premature.

In *Carpenter,* the Court also addressed many of the cases that Plaintiff relies on his Opposition.  For example, in refusing to follow *Fitzhenry-Russell v. Dr. Pepper Snapple Grp.*, No. 17-cv-00564, 2017 U.S. Dist. LEXIS 155654 (N.D. Cal. Sep. 22, 201) (Pl's Opp. [ECF No. 26] at 22), the Court noted that "[m]issing from the opinion . . . is any analysis of *why* a class action is so materially different that it

warrants a different result than a mass action." *Carpenter,* 441 F. Supp. 3d at 1034. "That the Supreme Court did not consider whether its holding in *Bristol-Myers Squibb* would apply to class actions is hardly supportive of a holding that it does not apply to class actions." *Id.* at 1035.

Based on the specific personal jurisdiction analysis in *Bristol-Myers,* this Court concluded in *Carpenter* that the Supreme Court would likely find that "a state cannot assert specific personal jurisdiction over a defendant for the claims of unnamed class members that would not be subject to specific personal jurisdiction if asserted as individual claims." *Id.* at 1035. And this finding is well-supported by the law on personal jurisdiction. That is, courts "generally evaluate specific jurisdiction on a claim-by-claim basis," because specific jurisdiction by its nature "depends on the relationship between the claims and contacts." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007). *See also Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 n.8 (9th Cir. 1977). Specific jurisdiction depends on "a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb*, 137 S. Ct. at 1781.

What *Bristol-Myers* further made clear—to the extent there was any doubt—is that in addition to evaluating specific jurisdiction for each claim, a court must also assess it for each plaintiff. The need for a "connection between the forum and the specific claims at issue . . . remains true even when third parties . . . can bring claims similar to those brought by the nonresidents." *Id.* at 1781. Thus, as Plaintiff's Opposition acknowledges (at 22), *Bristol-Myers* concluded that "[t]he mere fact that other plaintiffs were prescribed, obtained, and ingested Plavix in California—and allegedly sustained the same injuries as did the nonresidents—does not allow the State to assert specific jurisdiction over the nonresidents' claims." 137 S. Ct. at 1781. In other words, the mere fact that the claims of the resident and nonresident plaintiffs involved the ingestion of the same drug, manufactured by the same defendant and

causing "the same injuries," did not supplant or satisfy the constitutional mandate that there be "a connection between the forum and the specific claims at issue." *Id*. These principles apply with equal force in the class action context.

Plaintiff wrongly argues that personal jurisdiction over a defendant in class actions is somehow different than in mass actions because Rule 23 includes "additional due process safeguards." Pl's Opp. [ECF No. 26] at 23. However, as this Court recognized, "the procedural safeguards of Rule 23 are meant primarily to protect the absent class members and create criteria for binding absent class members to whatever settlement or judgment results from a class action," not to protect defendant's due process rights. *Carpenter*, 441 F. Supp. 3d at 1037. Indeed, the "constitutional requirements of due process do[] not wax and wane when the complaint is individual or on behalf of a class." *In re Dental Supplies Antitrust Litig.*, No. 16 Civ. 696, 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sept. 20, 2017).

### B. The Doctrine of Pendent Personal Jurisdiction Does Not Apply to Absent Class Members' Claims.

"Pendent personal jurisdiction is typically found where one or more federal claims for which there is nationwide personal jurisdiction are combined in the same suit with one or more state or federal claims for which there is not nationwide personal jurisdiction." *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1180-81 (9th Cir. 2004). This situation is not present here. The TCPA does not have nationwide personal jurisdiction, and regardless, because Plaintiff's TCPA claim arises out of a single text allegedly sent to him by Defendant, the unnamed class members' claims do not arise "out of a common nucleus of operative facts" with Plaintiff's claim. At least one court has found the doctrine of pendent personal jurisdiction inapplicable to establish personal jurisdiction over a defendant as to the claims of a nonresident plaintiff in a TCPA class action. *Berman,* 2018 U.S. Dist. LEXIS 181968, at *3. This Court should likewise refuse to extend this inapposite doctrine to the TCPA claims of unnamed class members.

# CONCLUSION

For the foregoing reasons and those stated in its Motion, Homes.com respectfully requests that the Court strike the class definition, or alternatively, strike or dismiss the class allegations of non-California class members.

RESPECTFULLY SUBMITTED this 4th day of September 2020.

Dated: September 4, 2020    SQUIRE PATTON BOGGS (US) LLP


By: */s/ Eric J. Troutman*
Eric J. Troutman (State Bar # 229263)
eric.troutman@squirepb.com
555 South Flower Street, 31st Floor
Los Angeles, California  90071
Telephone: +1 213 624 2500
Facsimile: +1 213 623 4581

Amy Brown Doolittle (admitted *Pro Hac Vice*)
amy.doolittle@squirepb.com
2550 M Street, NW
Washington, DC 20037
Telephone:  +1 202 457 6000
Facsimile:   +1 202 457 6315

Attorneys for Defendant
HOMES.COM, INC.